IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

ROBERT R. GRAY                                                              PLAINTIFF

V.                                          NO. 11-3110

MICHAEL J. ASTRUE,
Commissioner of the Social Security Administration              DEFENDANT

### MEMORANDUM OPINION

Plaintiff, Robert R. Gray, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying his claims for a period of disability and disability insurance benefits (DIB) and supplemental security income (SSI) under the provisions of Titles II and XVI of the Social Security Act (Act). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. See 42 U.S.C. § 405(g).

I.      **Procedural Background:**

Plaintiff filed his applications for DIB and SSI on July 8, 2010, alleging an inability to work since April 20, 2009, due to his "Lower back." (Tr. 11-117, 118-121, 173). An administrative hearing was held on May 19, 2011, at which Plaintiff appeared with counsel and testified. (Tr. 22-50).

By written decision dated July 5, 2011, the ALJ found that during the relevant time period, Plaintiff had an impairment or combination of impairments that were severe - back disorder and pain disorder. (Tr. 10). However, after reviewing all of the evidence presented, the

-1-

ALJ determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4.  (Tr. 11).  The ALJ found Plaintiff retained the residual functional capacity (RFC) to:

> perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except that he can only occasionally climb, balance, stoop, kneel, crouch, and crawl.  In addition, he can perform work where interpersonal contact is incidental to the work performed, the complexity of tasks is learned and performed by rote with few variables and little judgment involved, and the supervision required is simple, direct and concrete.

(Tr. 12).  With the help of the vocational expert (VE), the ALJ determined that Plaintiff was unable to perform any past relevant work, but that there were other jobs Plaintiff could perform, such as cashier II, production line assembler, and sewing machine operator.  (Tr. 16-17).

Plaintiff then requested a review of the hearing decision by the Appeals Council, which denied the request on September 16, 2011.  (Tr. 1-3).  Subsequently, Plaintiff filed this action (Doc. 1).  This case is before the undersigned pursuant to the consent of the parties.  (Doc. 5).  Both parties have filed appeal briefs, and the case is now ready for decision.  (Docs. 8, 9).

The Court has reviewed the entire transcript.  The complete set of facts and arguments are presented in the parties' briefs, and are repeated here only to the extent necessary.

## II.    Applicable Law:

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole.  Ramirez v. Barnhart, 292 F. 3d 576, 583 (8th Cir. 2002).  Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision.  The ALJ's decision must be affirmed if the record contains substantial evidence to support it.  Edwards v. Barnhart, 314 F.

AO72A
(Rev. 8/82)

3d 964, 966 (8th Cir. 2003).  As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently.  Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001).  In other words, if after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed.  Young v. Apfel, 221 F. 3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his disability by establishing a physical or mental disability that has lasted at least one year and that prevents him from engaging in any substantial gainful activity.  Pearsall v. Massanari, 274 F. 3d 1211, 1217 (8th Cir. 2001); see also 42 U.S.C. §§423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques."  42 U.S.C. §§423(d)(3), 1382(3)(D).  A Plaintiff must show that his disability, not simply his impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant had engaged in substantial gainful activity since filing his claim; (2) whether the claimant had a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) met or equaled an impairment in the listings; (4) whether the impairment(s) prevented the claimant from doing past relevant work; and (5) whether the claimant was able to perform other work in the national

-3-

economy given his age, education, and experience.  See 20 C.F.R. §416.920.  Only if the final

stage is reached does the fact finder consider the Plaintiff's age, education, and work experience

in light of his residual functional capacity (RFC).  See McCoy v. Schneider, 683 F.2d 1138,

1141-42 (8ᵗʰ Cir. 1982);  20 C.F.R. §416.920.

## III.   Discussion:

Plaintiff raises the following issues on appeal: 1) The ALJ erred in failing to develop the

record by not sending Plaintiff for a consultative physical/orthopedic examination; 2) The ALJ

erred in determining Plaintiff's RFC; 3) The ALJ inappropriately held Plaintiff's receipt of

unemployment benefits against him; and 4) The ALJ's decision denying benefits is not supported

by substantial evidence.

### A.   Duty to Develop the Record:

The ALJ has a duty to fully and fairly develop the record.  See Frankl v. Shalala, 47 F.3d

935, 938 (8th Cir. 1995);  Freeman v. Apfel, 208 F.3d 687, 692 (8th Cir. 2000).  This is

particularly true when Plaintiff is not represented by counsel.  Payton v. Shalala, 25 FG.3d 684,

686 (8ᵗʰ Cir. 1994).  This can be done by re-contacting medical sources and by ordering

additional consultative examinations, if necessary.  See 20 C.F.R. § 404.1512.  The ALJ's duty

to fully and fairly develop the record is independent of Plaintiff's burden to press his case.

Vossen v. Astrue, 612 F.3d 1011, 1016 (8ᵗʰ Cir. 2010).  However, the ALJ is not required to

function as Plaintiff's substitute counsel, but only to develop a reasonably complete record.  See

Shannon v. Chater, 54 F.3d 484, 488 (8ᵗʰ Cir. 1995)("reversal due to failure to develop the record

is only warranted where such failure is unfair or prejudicial").  "The regulations do not require

the Secretary or the ALJ to order a consultative evaluation of every alleged impairment.  They

-4-

simply grant the ALJ the authority to do so if the existing medical sources do not contain sufficient evidence to make a determination."  <u>Matthews v. Bowen</u>, 879 F.2d 423, 424 (8th Cir. 989).

In the present case, the ALJ noted at the beginning of his decision that Plaintiff's representative suggested that an orthopedic consultative examination would be helpful. However, the ALJ concluded that after hearing the testimony and reviewing all of the evidence, such an examination was not necessary to make a decision in this case and consequently, no new orthopedic consultative examination was ordered.  (Tr. 8).

The ALJ had before him the records of Plaintiff's chiropractor (Tr. 243-250), as well as the July 21, 2006 x-ray of Plaintiff's L-spine, which revealed some anterior and posterior spurring at the upper lumbar levels.  (Tr. 252).  The ALJ also had before him the results of the MRI of the spine performed at Baxter Regional Medical Center on July 28, 2006, which showed:

> 1.  Some disc bulging, insignificant, at L4-L5, and at L5-S1 at the borderline of being protrusion, but not stenotic.
> 2. There frequently is a little accentuated disc bulge at L5-S1, but this is a little more prominent than what is normally seen and it might be enough to be symptomatic.  It does not appear to be an operative lesion.

(Tr. 254).   The next documented medical record relating to Plaintiff's back is dated June 24, 2010, in a Progress Note of Dr. Edward L. White, Plaintiff's treating physician.  (Tr. 258-260). Dr. White noted that Plaintiff's cervical range of motion was within normal limits; that both lower extremities had no joint or limb tenderness to palpation, no edema present, and no ecchymosis; that joint stability was within normal limits; and that Plaintiff's right and left lower extremities revealed normal strength, normal tone, no atrophy, and no abnormal movements. (Tr. 259). Dr. White diagnosed Plaintiff with a backache, and gave Plaintiff an exercise regimen.

-5-

(Tr. 260).  There is nothing in the record to indicate that Plaintiff performed any of the recommended exercises.

The ALJ also had before him the Physical RFC Assessment completed by non-examining physician, Dr. David L. Hicks, dated July 21, 2010.  (Tr. 263-270).  Dr. Hicks found that from a review of the medical records, as well as Plaintiff's activities of daily living, Plaintiff would be able to perform medium work.  (Tr. 270).

Medical records from Baxter Regional Medical Center dated August 27, 2010 were also before the ALJ, which revealed that Plaintiff had mild tenderness in his low L-spine area, good strength and range of motion equal bilaterally, and that Plaintiff was assessed with acute-on-chronic low back pain.  (Tr. 279).

The Court believes there are sufficient existing medical sources which contain sufficient evidence for the ALJ to make a determination.  In addition, although Plaintiff argues that the reason the medical records are so limited is because he did not have insurance and he was unable to afford further treatment, the Court notes that Plaintiff admitted that when he went for treatment at a free clinic, he was denied treatment because he made too much money, referring to the amount Plaintiff was receiving in unemployment benefits ($311 per week).  (Tr. 40).  Plaintiff also admitted that he never mentioned his back problems in his application for unemployment, but that he knew he couldn't work somewhere eight hours a day.  (Tr. 32).  Plaintiff testified at the hearing that while on unemployment, he was required to go and look for jobs and that he "tried to put the applications in to where I know that I'm not qualified for that job, so that I do have my contact in."  (Tr. 32).  The Court agrees with Defendant that Plaintiff created the situation that resulted in him being denied medical care for his alleged impairments.

AO72A
(Rev. 8/82)

Based upon the foregoing, the Court is of the opinion that there are sufficient medical records containing sufficient evidence for the ALJ to make a determination as to Plaintiff's disability, and that the ALJ did not fail to fully develop the record.

**B.    RFC Assessment, Credibility, and Receipt of Unemployment Benefits:**

RFC is the most a person can do despite that person's limitations.  20 C.F.R. §404.1545(a)(1).  It is assessed using all relevant evidence in the record.  Id.  This includes medical records, observations of treating physicians and others, and the claimant's own description of his limitations.  Guilliams v. Barnhart, 393 F.3d 798, 801 (8th Cir. 2005); Eichelberger v. Barnhart, 390 F.3d 584, 591 (8th Cir. 2004).  Limitations resulting from symptoms such as pain are also factored into the assessment. 20 C.F.R. § 404.1545(a)(3).  The Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." Lauer v. Apfel, 245 F.3d 700, 704 (8th Cir. 2001).  Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace." Lewis v. Barnhart, 353 F.3d 642, 646 (8th Cir. 2003).  "The ALJ is [also] required to set forth specifically a claimant's limitations and to determine how those limitations affect his RFC."  Id.

In the present case, the ALJ found that Plaintiff had the RFC to perform light work with certain restrictions.  (Tr. 12).  In making this determination, the ALJ considered all of the medical records referenced above, as well as Plaintiff's description of limitations.  He discussed Dr. HIcks' RFC Assessment as well as Dr. White's opinions.  He also addressed the opinion given by Dr. Vann Smith, who found Plaintiff to have a cognitive disorder, non-psychotic, secondary to general medical conditions.  (Tr. 283).  The ALJ gave Dr. Smith's opinion and the

AO72A
(Rev. 8/82)

Plaintiff's testimony some weight.  (Tr. 14).  The ALJ stated:

> His conclusion that the claimant has a pain disorder is consistent with the testimony and other medical evidence regarding the claimant's back pain and taken into account by the finding that the claimant can perform only unskilled work.  However, once again, the evidence as a whole does not support the extent of the limitations described in Dr. Smith's report.

(Tr. 14).

Finally, the ALJ addressed inconsistencies in Plaintiff's statements, also noting that Plaintiff's lack of candor with the state employment agency greatly decreased the credibility of his testimony.  (Tr. 15).  This was appropriate for the ALJ to consider.  <u>Simmons v. Massanari</u>, 264 F.3d 751, 755 (8th Cir. 2001)(court considered fact that Plaintiff gave several conflicting statements in the past, including lying about his age to enter the military service and giving conflicting statements to the Marine Corps upon enrollment).  The ALJ considered Plaintiff's daily activities as well, noting that Plaintiff could cook and care for his house, do the laundry and shop for groceries.  (Tr. 11, 166, 167).

The ALJ also discounted the opinion of Dr. David L. Hicks, who completed the Physical RFC Assessment, stating that it did not adequately take into account Plaintiff's subjective complaints of pain.  (Tr. 16).  The ALJ concluded:

> As for the other medical records, they do not contain any opinions regarding the claimant's limitations, but they have been considered with regard to the nature of the claimant's condition.  As for the claimant's testimony, it is given some credit, but it is not entirely consistent with the evidence as a whole and is discounted accordingly.

(Tr. 16).

## IV.   Conclusion:

Accordingly, having carefully reviewed the record, the Court finds substantial evidence supporting the ALJ's decision denying the Plaintiff benefits, and thus the decision is hereby

AO72A
(Rev. 8/82)

affirmed.  The undersigned further finds that Plaintiff's Complaint should be, and is hereby, dismissed with prejudice.

IT IS SO ORDERED this 6th day of February, 2013.

*/s/ Erin L. Setser*
HONORABLE ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)